## COX *v.* FARMERS MUTUAL FIRE INSURANCE CO.

1. A ground of a motion for a new trial not referred to in the brief of counsel for plaintiff in error is considered as abandoned.

2. A general assignment of error upon a quoted excerpt from the charge of the court, which is isolated from its context, and so fragmentary in character and incomplete as to be unintelligible of itself, and the obscurity of which is not removed by any explanatory statement made in connection therewith, can not be considered by a reviewing court.

3. Although an insurance policy contains a provision that either party thereto may, "at any time, be released from the obligations of this policy by giving the other party thirty days notice of such intention," the parties may agree upon an immediate cancellation.

4. Where a portion of a quoted excerpt from the charge of the court states the law correctly, a general assignment of error upon the whole of such instruction is without merit.

5. The evidence was sufficient to authorize the verdict, and there was no error in refusing a new trial.

Submitted February 17,—Decided August 12, 1909.

Action upon insurance policy.   Before Judge Worrill.   Clay superior court.   May 25, 1908.

*Ben M. Turnipseed,* for plaintiff.

*Raines & Gurr,* for defendant.

FISH, C. J.   This was a suit upon a fire-insurance policy, brought by J. A. Cox against the Farmers Mutual Fire Insurance

Company of Georgia.    Upon the trial there was a verdict for the defendant.    The plaintiff made a motion for a new trial, which was overruled, and he excepted.

1.    The grounds of the original motion were the usual general ones.    The first ground of the amended motion is not referred to in the brief of counsel for plaintiff in error, and, under the well-settled rule, is considered as abandoned.

2.    One ground of the motion was: "Because the court erred in giving the following charge:   'The court instructs you further, that if such an agreement was made and entered into between the parties, as just described, it would be a cancellation of the policy, whether there was an actual entry in writing upon the books of the company or not.' "    There was no special assignment of error.    It is apparent that this excerpt from the charge is unintelligible as it appears in the motion for a new trial; and it is not accompanied by any explanatory statement which clears up its obscurity.    Torn from its context, fragmentary in character and incomplete as to meaning, it does not of itself disclose whether the court did or did not err in thus instructing the jury.    What the agreement was to which the court referred as having been just described to the jury does not appear in the motion; so whether it would or would not amount to a cancellation of the policy can not be determined.    Another ground alleged that the court erred in charging as follows: "The court instructs you further, if he did not have such authority originally, but if, after he had taken such authority and liberty, the officers of the company afterwards ratified his acts, then that would be binding upon the company in so far that it affected the cancellation."    It is obvious that this ground of the motion is also fatally defective for the reasons above given.

3, 4.    A mere general assignment of error was made upon certain quoted instructions to the jury, the first sentence of which was as follows:   "The court will charge you this:  if you believe from the evidence that Mr. West was an officer of that company, and as such had the right to act for the company in the matter of contracts relating to the cancellation of the policy in question, and if you should believe that, having such authority, he and the plaintiff, Mr. Cox, met together and agreed for an immediate cancellation of the policy, and did enter into such agree-

ment, then such agreement would be sufficient to cancel the policy, and, if canceled in that manner by such authority, then such company would not be bound." Although the policy contained the stipulation that the insured or the company might, "at any time, be released from the obligations of this policy by giving the other party thirty days notice of such intention," an agreement for an immediate cancellation of the policy could be made between the parties. *Home Ins. Co.* v. *Chattahoochee Lumber Co.*, 126 Ga. 334 (55 S. E. 11). So the legal proposition contained in this sentence is correct; and hence the assignment of error upon the entire quoted instruction is not meritorious, and the remaining portion thereof need not be considered.

5. There was sufficient evidence to authorize the verdict, and no error in refusing to grant a new trial.

*Judgment affirmed.　All the Justices concur.*